Ana Erickson    Bar No. 334200

Erickson Law Group, LLP

28 Geary St., Suite 650, PMB 1168

San Francisco, CA 94108

Telephone: (707) 999-1201

Email: ana@ericksonlawoffices.com


Attorney for Plaintiff, Black Market Records, LLC

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

―――――――――――――――――――――――――――――

| | | |
|---|---|---|
| Black Market Records, LLC, a California Limited Liability Company | : | Civ. No: 2:25-CV-9599 |
| Plaintiff, | : | |
| against | : | **COMPLAINT** |
| | | **(1) Copyright Infringement** |
| | | **(2) Breach of Contract (State Claim)** |
| Moses Otieno Ojwang (Moses Otieno), professionally known as "Fathermoh" | | |
| Harry Otieno Adoyo (Harry Otieno), professionally known as "Harry Craze" | | **(3) Unjust Enrichment (State Claim)** |
| Canvass Records, a record label organized under the laws of Kenya | | **(4) Declaratory Relief** |
| Defendant(s). | : | |

―――――――――――――――――――――――――――――

Plaintiff Black Market Records, LLC ("Plaintiff"), by and through its attorney, Erickson Law Group, LLP, for its Complaint against defendants Moses Otieno professionally known as "Fathermoh," Harry Otieno professionally known as "Harry Craze," and Canvass Records

("Defendants"), alleges on knowledge as to its own actions, and otherwise on information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for copyright infringement United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq., and for breach of contract under state law. Plaintiff seeks injunctive relief, an accounting of Defendants' profits, removal or recall of infringing works, and monetary damages arising from Defendants' willful and intentional infringement of Plaintiff's copyrighted musical compositions and sound recordings (the "Copyrighted Works").

2. Plaintiff is a record label. Since its founding in 1989, Plaintiff has operated as a record label and has released more than 8,000 songs distributed in over 20 countries.

3. Plaintiff is the exclusive owner of all rights in and to certain Copyrighted Works, pursuant to written agreements with the recording artists who created them. Since acquiring those rights, Plaintiff has manufactured, published, distributed, advertised, and publicly exploited the Copyrighted Works throughout the United States and globally through various digital streaming platforms and distribution channels. Plaintiff owns valid and subsisting federal copyright registrations in the Copyrighted Works.

4. All of the claims asserted herein arise out of and are based on Defendants' distribution and sale of the Copyrighted Works without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants' willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a)(2) and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. Personal jurisdiction is proper over Defendants Moses Otieno and Harry Otieno because they are party to exclusive recording agreements with Plaintiff that contains a forum-selection clause designating this Court as the proper forum for disputes.

8. Personal jurisdiction is also proper over Defendants Moses Otieno, Harry Otieno, and Canvass Records because they have purposefully directed infringing conduct toward the United States, including within this District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and § 1391 because Defendants reside outside the United States and may therefore be sued in any judicial district. In addition, the Agreements at issue contain a valid and enforceable forum selection clause designating federal court in Los Angeles, California, as the appropriate venue for disputes arising under the agreement. Accordingly, venue is proper in this district.

## PARTIES

10. Plaintiff Black Market Records, LLC is a record label and limited liability company formed under the laws of the State of California and does business globally, with its principal place of business in Sacramento, California.

11. On information and belief, Defendant Moses Otieno professionally known as "Fathermoh," is an individual residing in Kenya. Moses Otieno is a solo recording artist.

12. On information and belief, Defendant Harry Otieno, professionally known as "Harry Craze," is an individual residing in Kenya. Harry Otieno is a solo recording artist.

13. On information and belief, Defendant Canvass Records is a record label, a company domiciled in the Republic of Kenya, and, at all material times, is and as doing business in Kenya.

## FACTS

A. Plaintiff and its Copyrighted Works

14. On or about January 9, 2021, Plaintiff entered into an Exclusive Recording Artist Agreement with Defendant Moses Otieno (the "Moses Otieno Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1. On or about November 9, 2019, Plaintiff entered into an Exclusive Recording Artist Agreement with the musical group Rico Gang, of which Defendant Harry Otieno was then a member (the "Rico Gang Agreement"). On or about April 29, 2024, following the disbandment of Rico Gang., Harry Otieno executed a one-page amendment continuing the Rico Gang Agreement in his capacity as a solo artist (the "Harry Otieno Amendment,"). A true and correct copy of the Rico Gang Agreement and the Harry Otieno Amendment is attached hereto as Exhibit 2. The material terms of the Moses Otieno Agreement and the Rico Gang Agreement substantially mirror each other.

15. The Exclusive Recording Artist Agreements and Harry Otieno amendment (collectively the "Agreements") grants Plaintiff an irrevocable power of attorney to prepare and file copyright assignments with the United States Copyright Office.

16. The Agreements provide that Plaintiff is the sole owner, throughout the world, of Copyrighted Works created under the Agreements. The Agreements also irrevocably assign to Plaintiff's publishing affiliate a fifty percent (50%) ownership interest in all musical compositions embodied in such recordings, with Plaintiff's publishing affiliate administering those rights worldwide.

17. The Copyrighted Works are wholly original, and Plaintiff is the exclusive owner of all rights, title, and interest, including all rights under copyright, in the Copyrighted Works.

18. Plaintiff is the owner of valid and subsisting United States Copyright Registration for certain Copyrighted Works and has pending applications for to register additional works and expressly reserves the right to amend this Complaint to include claims for those works as registrations are issued. A true and correct copy of Plaintiff's copyright registration certificates are attached as Exhibit 3, and a true and correct list of Plaintiff's pending copyright applications before the U.S. Copyright Office, including the corresponding application numbers and titles of the works is attached as Exhibit 4.

19. Plaintiff has created, recorded, manufactured, produced, sold, licensed, marketed, and distributed musical compositions and sound recordings. Plaintiff is a leader in entertainment and music business in the United States and the world at large.

20. The Copyrighted Works are of significant value to Plaintiff due to the substantial resources it has invested in their creation, promotion, and global distribution, as well as the

continued royalty payments made to Defendants Moses Otieno and Harry Otieno under the Agreements.

B. <u>Defendants' Infringing Conduct</u>

21. On information and belief, Defendants Moses Otieno and Harry Otieno are solo music artists based in Kenya. Defendant Canvass Records is a record label based in Kenya.

22. This action arises from Defendants' willful and coordinated infringement of multiple Copyrighted Works owned by Plaintiff. Defendants have issued copyright strikes and takedown notices against Plaintiff's musical works on music distribution platforms. True and correct copies of Defendants' representative takedown notices and related communications are attached hereto as Exhibit 5.

23. As a result of Defendants' copyright strikes and takedown notices, certain platforms and distributors deactivated or removed Plaintiff's catalog, causing disruption to Plaintiff's business and confusion regarding ownership of the Copyrighted Works.

24. Defendants have knowingly created, recorded, manufactured, produced, sold, licensed, marketed, and distributed musical compositions and sound recordings without Plaintiff's consent or knowledge and without payment.

25. On further information and belief, Defendants' intentional, infringing conduct was undertaken to reap the benefit and value associated with the Copyrighted Works. By failing to obtain Plaintiff's authorization to use the Copyrighted Works or to compensate Plaintiff for the use, Defendants have avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Works, as well as the restrictions that Plaintiff is

entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

26. Defendants' claims of ownership are contrary to the express terms of the Agreements, which confirm Plaintiff's ownership of the Copyrighted Works. Plaintiff holds valid and subsisting U.S. copyright registration certificates for the sound recordings and musical works created under the Agreements, as identified in Exhibit 3. These registrations constitute prima facie evidence of Plaintiff's ownership and the validity of the copyrights.

27. On information and belief, Defendants have repeatedly attempted to pursue proceedings in Kenyan courts concerning the same subject matter. These proceedings include applications for contempt, purported court orders, and threatening communications from Defendants' Kenyan counsel. Plaintiff contends that such actions are improper, unenforceable, and undertaken in bad faith for the purpose of intimidation.

28. On or about September 5, 2025, Plaintiff, through counsel, sent Canvass Records cease and desist letters objecting to Defendants' unauthorized release and distribution of Plaintiff's Copyrighted Works. True and correct copies of Plaintiff's representative cease and desist letters are attached hereto as Exhibit 6. Thereafter, Defendants sent cease and desist letters back to Plaintiff in which they asserted ownership and control over the Copyrighted Works. True and correct copies of Defendants' representative cease and desist letters are attached hereto as Exhibit 7. These letters demonstrate Defendants' infringing conduct and their willful disregard of Plaintiff's exclusive rights in the Copyrighted Works.

29. Despite receipt of these notices, Defendants have uploaded Plaintiff's musical works to music platforms without Plaintiff's authorization. Upon information and belief,

Defendants have continued to profit from the unauthorized distribution and exploitation of Plaintiff's Copyrighted Works.

30. As a result of Defendants' actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized distribution and sale of the Copyrighted Works. Defendants have never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Works.

31. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

C. <u>Breach of Contract</u>

32. Pursuant to the Agreements (Exhibit 1 and Exhibit 2), Defendants Moses Otieno and Harry Otieno agreed:

(a) to record exclusively for Plaintiff and not enter into recording arrangements with any other record label;

(b) to deliver a minimum number of recordings to Plaintiff during the contract term;

(c) to recognize Plaintiff as the sole owner throughout the world of all copyrights in and to the sound recordings created under the Agreements;

(d) to refrain from authorizing the release, distribution, or exploitation of recordings embodying the sound recordings except through Plaintiff for the recording period;

(e) to grant Plaintiff the exclusive worldwide rights to use the artists' name, likeness, professional name, and biography in connection with the sound recordings created under the Agreements; and

(f) not to perform or record any musical compositions embodied in master recordings for any other person, firm, or corporation for the purpose of producing master recordings or other products derived therefrom, for a period of five years following the release of any master recordings by Plaintiff, or three years after the expiration of the Agreement, whichever is later.

33. The Agreements remain in full force and effect and have not been terminated by either party.

34. Notwithstanding these obligations, Defendants Moses Otieno and Harry Otieno have breached the Agreements by, among other things, failing to record exclusively for Plaintiff, failing to deliver the required number of recordings, wrongfully asserting ownership of the sound recordings under the Agreements, issuing takedown notices inconsistent with Plaintiff's rights, and authorizing the release, distribution, and commercial exploitation of the works and their own names and likenesses through third parties without Plaintiff's consent or knowledge.

## COUNT ONE
## Federal Copyright Infringement (17 U.S.C. § 501)
### (Against all Defendants)

35. Plaintiff repeats and realleges paragraphs 1 through 34 hereof, as if fully set forth herein.

36. The Copyrighted Works are original sound recordings containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101,

9

et. seq. Plaintiff is, by virtue of the Agreements, the exclusive owner of all rights under copyright in and to the Copyrighted Works, as identified in Exhibit 3.

37. Plaintiff has also filed applications to register additional Copyrighted Works, as reflected in Exhibit 4, which remain pending before the U.S. Copyright Office.

38. Through Defendants' conduct alleged herein, including Defendants' distribution and sale of the Copyrighted Works without Plaintiff's permission, Defendants have directly infringed Plaintiff's exclusive rights in the Copyrighted Works in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

39. On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Works and has enabled Defendants illegally to obtain profit therefrom.

40. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Copyrighted Works and products incorporating or embodying the Copyrighted Works, and an accounting of and a constructive trust with respect to such profits.

41. Alternatively, Plaintiff is entitled to maximum statutory damages for Defendants' willful infringement of each of the Copyrighted Works, pursuant to 17 U.S.C. § 504(c).

42. Plaintiff is further entitled to recover its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

43. Defendants' infringing acts have caused and, unless enjoined by this Court, will continue to cause Plaintiff substantial, immediate, and irreparable harm for which Plaintiff has no adequate remedy at law.

44. Plaintiff is therefore entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants from engaging in further infringing conduct, pursuant to 17 U.S.C. § 502.

## COUNT TWO
## Breach of Contract
## (State Claim)
## (Against Moses Otieno and Harry Otieno)

45. Plaintiff repeats and realleges paragraphs 1 through 44 hereof, as if fully set forth herein.

46. The breach of contract claim is asserted to establish Defendants Moses Otieno and Harry Otieno's failure to honor their obligations under the exclusive Agreements with Plaintiff.

47. Defendants Moses Otieno and Harry Otieno materially breached their respective Agreements by, among other things, asserting competing ownership claims to sound recordings and musical compositions created during the term of the Agreements, authorizing the distribution, licensing, and exploitation of such works without Plaintiff's consent, and failing to satisfy their minimum recording commitments.

48. The Agreements, among other things, required Defendants Moses Otieno and Harry Otieno to:

(a) Record exclusively for Plaintiff during the term of their respective Agreements;

(b) Assign and acknowledge Plaintiff's exclusive ownership of the sound recording copyrights created under their respective Agreements;

(c) Assign to Plaintiff's publishing affiliate a fifty percent (50%) ownership interest in the musical compositions embodied in such recordings; and

(d) Refrain from entering into recording or licensing agreements with third parties that conflict with Plaintiff's rights.

49. Plaintiff has fully performed its obligations under the Agreements, including expending substantial resources in promoting, developing, and distributing Defendants Moses Otieno and Harry Otieno's recordings, paying royalties, and providing royalty statements.

50. Defendants Moses Otieno and Harry Otieno have engaged in conduct inconsistent with their contractual obligations by (a) signing a recording deal with Canvass Records; (b) issuing takedown notices; and (c) initiating legal proceedings in Kenya that challenge Plaintiff's ownership rights in the works covered by the Agreements.

51. As a direct and proximate result of Defendants Moses Otieno and Harry Otieno's breaches, Plaintiff has suffered damages in an amount to be proven at trial, including but not limited to lost revenues, injury to business relationships, and harm to goodwill.

52. Plaintiff seeks damages in an amount according to proof, as well as injunctive relief to enforce the provisions of the Agreements to prevent further breaches.

## COUNT THREE
## Unjust Enrichment
## (State Claim)
## (Against all Defendants)

53. Plaintiff repeats and realleges paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Plaintiff has conferred substantial benefits upon Defendants, including but not limited to financing recording sessions, promotional campaigns, marketing efforts, and providing royalty payments under the respective Agreements.

55. Defendants have knowingly accepted and retained these benefits.

56. Defendants have further derived unjust benefits by exploiting Plaintiff's Copyrighted Works without authorization, including recording, reproducing, distributing, licensing, and publicly performing sound recordings and musical compositions owned by Plaintiff.

57. Defendants have generated and continue to generate revenue from the unauthorized recording, distribution, licensing, and performance of Plaintiff's Copyrighted Works, including but not limited to revenues from commercial streaming platforms, live performances, concerts, and third-party advertising and licensing.

58. Plaintiff has expended substantial resources in grooming, promoting, and building the careers of Defendants Moses Otieno and Harry Otieno, including royalty payments, financing recording sessions, marketing campaigns, and brand development, from which all Defendants have directly benefited.

59. Defendants' retention of these benefits is unjust and inequitable because Defendants acquired them through unauthorized exploitation of Plaintiff's Copyrighted Works and misrepresentation to third parties.

60. Plaintiff is entitled to restitution and disgorgement of all revenues, profits, and other benefits unjustly obtained by Defendants as a result of their wrongful conduct, in an amount to be proven at trial.

## COUNT FOUR
## Declaratory Relief
## (28 U.S.C. § 2201)
## (Against all Defendants)

61. Plaintiff repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62. An actual controversy exists between Plaintiff and Defendants concerning ownership of the Copyrighted Works.

63. Plaintiff is the exclusive owner of the Copyrighted Works by virtue of the Agreements, and valid, subsisting registrations with the U.S. Copyright Office.

64. Defendants have asserted adverse ownership claims, including but not limited to:

   (a) Filing takedown notices and copyright strikes against Plaintiff's works on digital distribution platforms;

   (b) Sending cease and desist letters to third parties;

   (c) Initiating legal proceedings in Kenya against Plaintiff; and

   (d) Exploiting Plaintiff's Copyrighted Works.

14

65. Defendants' adverse claims have caused and continue to cause uncertainty among third parties — including music distributors, streaming platforms, and advertisers — as to the rightful owner of the Copyrighted Works. On information and belief, certain platforms have wrongfully suspended or removed Plaintiff's works due to this uncertainty. An actual and justiciable controversy exists between the parties concerning ownership of the Copyrighted Works.

66. Plaintiff seeks a declaration from this Court pursuant to 28 U.S.C. § 2201 that:

(a) Plaintiff is the exclusive owner of the Copyrighted Works;

(b) Defendants have no ownership rights, license, or authority to exploit the Copyrighted Works; and

(c) Defendants' competing assertions of ownership are invalid and unenforceable.

67. Declaratory relief is necessary and appropriate to resolve this controversy, to remove uncertainty in the marketplace, and to ensure that third parties, including but not limited to digital platforms and distributors, recognize Plaintiff's exclusive ownership rights.

<u>Reservation of Rights</u>

Plaintiff asserts this claim with respect to the Copyrighted Works for which registrations have been issued and reserves the right to amend this Complaint to include claims concerning additional works as registrations issue. Plaintiff further reserves the right to amend this Complaint to add additional parties, including but not limited to digital streaming platforms, service providers, and distributors, should discovery reveal facts demonstrating that such parties fall outside the protections of 17 U.S.C. § 512 or are otherwise directly or secondarily liable for the infringing conduct alleged herein.

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendants Moses Otieno and Harry Otieno have breached their contractual obligations to Plaintiff, been unjustly enriched at Plaintiff's expense, and created an actual controversy requiring declaratory relief.

3. Granting an injunction preliminarily and permanently enjoining Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

    a. Distributing, marketing, advertising, promoting, displaying, performing, licensing, selling or authorizing any third party to distribute, market, advertise, promote, display, perform, license, or sell the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works; and

    b. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

4. That Defendants be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales, licensing deals, and any other exploitation of the Copyrighted Works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works.

5. That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining inventory or copies of the Copyrighted Works and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Works, as well as all means for manufacturing them.

6. That Defendants, at their own expense, be ordered to recall the Copyrighted Works from any distributors, retailers, vendors, or others that have distributed the Copyrighted Works on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

7. Awarding Plaintiff:

   a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Works and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Works, or in the Court's discretion, such amount as the Court finds to be just and proper;

   b. damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

   c. should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

   d. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

      8.      Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

      9.      Awarding such other and further relief as the Court deems just and proper.

Dated:　October 8, 2025　　　　　　　　　Respectfully submitted,
　　　　San Francisco, CA　　　　　　　　　 /s/ Ana Erickson_____

　　　　　　　　　　　　　　　　　　　　　Ana Erickson
　　　　　　　　　　　　　　　　　　　　　Erickson Law Group, LLP
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　28 Geary St., Suite 650, PMB 1168
　　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94108
　　　　　　　　　　　　　　　　　　　　　(707) 999-1201
　　　　　　　　　　　　　　　　　　　　　ana@ericksonlawoffices.com